IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DANZE & DAVIS ARCHITECTS, INC., §
　§
　　　　　Plaintiff,　§
　§
v.　§
　§
LEGEND CLASSIC HOMES, LTD., §
LEGEND HOME CORPORATION, § CIVIL ACTION NO. H-10-0216
BELLA VISTA C.M.I., LTD. d/b/a §
BELLA VISTA HOMES, CAMCORP §
MANAGEMENT, INC. d/b/a BELLA §
VISTA CLASSIC HOMES, and §
MIKE WILKINSON, §
　§
　　　　　Defendants.　§

**MEMORANDUM OPINION AND ORDER**

Danze & Davis Architects, Inc. brings this action against Legend Classic Homes, Ltd., Legend Home Corporation, Bella Vista C.M.I., Ltd. d/b/a Bella Vista Homes, Camcorp Management, Inc. d/b/a Bella Vista Classic Homes, and Mike Wilkinson (collectively, the "Defendants") alleging copyright infringement.  Pending before the court is Plaintiff's Motion for Partial Summary Judgment With Regard to Plaintiff's Ownership of Valid Copyrights (Docket Entry No. 35) and plaintiff's Motion to Strike Declaration of John M. McGinty (Docket Entry No. 42).  For the reasons explained below, the plaintiff's motion for partial summary judgment will be granted and its motion to strike will be denied.

## I. Factual and Procedural Background

Danze & Davis Architects, Inc. ("Danze & Davis") is a Texas corporation that publishes and licenses architectural designs.[1] Relevant to this action are three of Danze & Davis's copyrighted home designs, which are registered as "architectural works"[2]:

> (1) "32S2120 M (AM BM CM) — NOT YET CONSTRUCTED," which Danze & Davis registered on October 23, 1995, under copyright number VAu 359-516;[3]
>
> (2) "PLAN#32N1746 Modular, A Modular, B Modular, C Modular NOT YET CONSTRUCTED," which Danze & Davis registered on April 7, 1999, under copyright number VAu 430-004;[4] and

---

[1] Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1, ¶ 4.

[2] In 1990 Congress extended copyright protection to "architectural works" as a distinct new category of authorship. Architectural Works Copyright Protection Act, Pub. L. No. 101-650, 104 Stat. 5089, 5133 (codified at 17 U.S.C. §§ 101, 102(a)(8)). An architectural work is defined as the "design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. § 101. An author may obtain dual copyright protection for an architectural plan if he registers the work as both an "architectural work" and a "pictorial, graphic, [or] sculptural work," but separate registrations are required. See 37 C.F.R. § 202.11(c); Interplan Architects, Inc. v. C.L. Thomas, Inc., 2010 WL 4366990, at *5 n.6 (S.D. Tex. Oct. 27, 2010). The certificates of registration submitted by Danze & Davis show that its plans are registered only as architectural works.

[3] Certificate of Registration for VAu 359-516, Exhibit 5 to Plaintiff's Motion for Partial Summary Judgment With Regard to Plaintiff's Ownership of Valid Copyrights ("Plaintiff's Summary-Judgment Motion"), Docket Entry No. 35, p. 1.

[4] Certificate of Registration for VAu 430-004, Exhibit 7 to Plaintiff's Summary-Judgment Motion, Docket Entry No. 35, p. 1.

>    (3) "PLAN#32N1414A, B, C — NOT YET CONSTRUCTED," which Danze & Davis registered on October 9, 2001, under copyright number VAu 525-833.[5]

Danze & Davis asserts that it created these architectural works to be exclusively used by its client, DR Horton Homes, to construct homes throughout Southeast Texas.[6]  Danze & Davis alleges that in 2008 it learned that the Defendants had, without authorization, copied the home designs, advertised them on their web sites, and constructed and sold homes using infringing copies of the designs.[7]  On January 22, 2010, Danze & Davis filed this action alleging non-willful and, alternatively, willful copyright infringement.[8]

To prevail on its claim of copyright infringement Danze & Davis must prove (1) ownership of a valid copyright and (2) copying by the defendant.  <u>Norma Ribbon & Trimming, Inc. v. Little</u>, 51 F.3d 45, 47 (5th Cir. 1995).  Danze & Davis moves for summary judgment only with respect to the first element, arguing that there is no genuine dispute that it owns valid copyrights for the three designs listed above.[9]  As evidence of this fact, Danze & Davis has submitted certificates of registration for each of the designs as

---

[5] Certificate of Registration for VAu 525-833, Exhibit 6 to Plaintiff's Summary-Judgment Motion, Docket Entry No. 35, p. 1.

[6] Declaration of Gary Wagner, Exhibit 1 to Plaintiff's Summary-Judgment Motion, Docket Entry No. 35, pp. 1-2.

[7] Complaint, Docket Entry No. 1, ¶ 13.

[8] <u>Id.</u> ¶¶ 17-22.

[9] Plaintiff's Summary-Judgment Motion, Docket Entry No. 35, p. 2.

well as certified copies of the designs. The defendants respond that notwithstanding the certificates, there is a genuine factual dispute as to whether Danze & Davis's designs are sufficiently "original" to be copyrightable works.[10] The sole summary-judgment evidence submitted by the Defendants in support of their argument contesting the originality of the designs is the declaration of architect John M. McGinty.[11]

## II. Analysis

### A. Applicable Law

#### 1. Summary-Judgment Standard

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). If the movant is a plaintiff asserting that a particular element on which it bears the burden of proof at trial cannot be genuinely disputed, it must support the assertion by citing to competent summary-judgment evidence, "including depositions, documents,

---

[10]Defendants' Response to Plaintiff's Motion for Partial Summary Judgment ("Defendants' Response"), Docket Entry No. 37, p. 3.

[11]Declaration of John M. McGinty, Exhibit 1 to Defendants' Response, Docket Entry No. 37, ¶ 18.

electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If the movant meets this burden, the nonmovant must show that specific facts exist over which there is a genuine dispute, either by citing to similarly competent evidence in the record or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, however, "only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (1994).

2. Establishing Ownership of a Valid Copyright

"Ownership of a valid copyright is established by proving the originality and copyrightability of the material and compliance with the statutory formalities." Norma Ribbon & Trimming, 51 F.3d at 47. A certificate of registration, if made before or within five years of the first publication of the work, constitutes prima facie evidence of the validity of the copyright, 17 U.S.C.

§ 410(c); Norma Ribbon & Trimming, 51 F.3d at 47, and, consequently, prima facie evidence of the originality of the design.  The presumption of validity is rebuttable, however.  Norma Ribbon & Trimming, 51 F.3d at 47; Berg v. Symons, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005).  Danze & Davis is entitled to the presumption of validity since it has presented certificates of registration for the three architectural designs at issue, and all three certificates show that the works were registered before they were first published.[12]

The Defendants contend that there is a genuine factual dispute as to whether Danze & Davis's designs are original and copyrightable.[13]  "[O]riginality is a constitutionally mandated prerequisite for copyright protection."  Feist Publications, Inc. v. Rural Tel. Serv. Co., 111 S. Ct. 1282, 1290 (1991).  The threshold for establishing originality is low, requiring the claimant to prove only "that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  Id. at 1287.  Since "the requisite level of creativity is extremely low," "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious

---

[12]Certificate of Registration for VAu 359-516, Exhibit 5 to Plaintiff's Summary-Judgment, Docket Entry No. 35, p. 1; Certificate of Registration for VAu 430-004, Exhibit 7 to id. p. 1; Certificate of Registration for VAu 525-833, Exhibit 6 to id. p. 1.

[13]See Defendants' Response, Docket Entry No. 37, p. 2.

it might be." Id. (internal quotations omitted). "[N]ovelty is not required." Id. at 1294.

Even though the "vast majority" of works will pass the originality test, "[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." Id. For example, in Feist Publications the Supreme Court held that the plaintiff's alphabetical arrangement of residents' names in the white pages of its telephone directory was not sufficiently original because arranging names alphabetically is an "age-old practice, firmly rooted in tradition and so common place that it has come to be expected as a matter of course." Id. at 1297. Other types of garden-variety works that do not possess the minimum degree of creativity to be considered original are listed in the regulations promulgated by the Copyright Office, and include "[w]ords and short phrases such as names, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; [and] mere listing of ingredients or contents."  37 C.F.R. § 202.1(a).

The originality of an architectural work is determined by examining "the overall form [of the work] as well as the arrangement and composition of spaces and elements in the design." 17 U.S.C. § 101. "Standard configurations of spaces, and individual standard features, such as windows, doors, and other staple building components" are not encompassed within the

definition of an architectural work. Id.; 37 C.F.R. § 202.11(d)(2). In architecture cases the overall work can be original even if it is made up of individual elements that are not protected. Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1225 (11th Cir. 2008); T-Peg, Inc. v. Vermont Timber Works, Inc., 459 F.3d 97, 110 (6th Cir. 2006); Sturdza v. United Arab Emirates, 281 F.3d 1287, 1297 (D.C. Cir. 2002); Interplan Architects, Inc. v. C.L. Thomas, Inc., 2010 WL 4366990, at *33 (S.D. Tex. Oct. 27, 2010).

**B.  Whether a Reasonable Juror Could Conclude That the Defendants' Summary-Judgment Evidence Rebuts the Presumption of Validity**

The Defendants argue that Danze & Davis's architectural designs do not meet the requisite minimum level of creativity, based on the opinion of its expert, John M. McGinty.[14] McGinty reviewed the designs and concluded (1) that the "representation of room layouts . . . in terms of both arrangement and architectural character is not original material" because the designs "employ common conventions involving room sizes and relationships that have evolved over decades based on codes, standardized products, market

---

[14] Defendants' Response, Docket Entry No. 37, p. 4. The Defendants' argument that Danze & Davis's designs "do not meet the definition of 'architectural plan' under copyright law" is not supported by any legal authorities. As stated previously, an "architectural work" is "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101. Danze & Davis's architectural designs clearly fall within this definition.

-8-

research[,] and publically available demographic data";[15] (2) that "[e]ach of the essential elements of each floor plan existed in the public domain prior to the respective dates of registration";[16] and (3) that the designs "do not possess a minimal degree of architectural creativity" because "[t]hey are comprised solely of common and easily replicated standard and stereotypical elements used by the industry as a whole."[17]

### 1. The Admissibility of McGinty's Opinion

Danze & Davis argue that McGinty's opinion in his Declaration that the designs "do not possess a minimal degree of architectural creativity" should be excluded from the court's analysis because (1) it was not disclosed to Danze & Davis when the Defendants submitted McGinty's expert report and should therefore be excluded under Federal Rule of Civil Procedure 37(c), (2) it is unreliable and therefore inadmissible under Federal Rule of Evidence 702, and (3) it is irrelevant and therefore inadmissible under Federal Rules of Evidence 401 and 402.[18] A declaration opposing a summary-

---

[15]Declaration of John M. McGinty, Exhibit 1 to Defendants' Response, Docket Entry No. 37, ¶ 3.

[16]Id. ¶ 17.

[17]Id. ¶ 18.

[18]Motion to Strike Declaration of John M. McGinty, Docket Entry No. 42; Plaintiff's Reply in Support of Plaintiff's Motion for Partial Summary Judgment — Ownership of Valid Copyrights ("Plaintiff's Reply"), Docket Entry No. 43, pp. 4-5. "There is no
(continued...)

judgment motion must (1) be made on personal knowledge, (2) set out facts that would be admissible in evidence, and (3) show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

At the outset, the court concludes that McGinty's opinion is reliable based on his qualifications as an expert in the field of architecture and, if construed liberally, is relevant to the issue before the court. In his Rule 26 expert report McGinty states that "[t]he plans exhibit minimal creativity," and that "[t]here is nothing original in the arrangement or architectural character in any of these houses."[19] Even though McGinty's Declaration, when compared to his earlier report, could be viewed as an attempt by the Defendants to create a fact question, the court will instead read McGinty's opinions together as an expression of his opinion that Danze & Davis's designs lack original features and elements. His opinions may appear contradictory from the perspective of a copyright lawyer, but the Defendants should not be penalized merely

---

[18](...continued) need to make a separate motion to strike" when objecting to the admissibility of proposed summary-judgment evidence. Fed. R. Civ. P. 56, Committee Notes on the 2010 Amendments. The court will therefore deny Danze & Davis's Motion to Strike and will simply decide whether the evidence at issue should be excluded from the court's analysis.

[19]April 15, 2011, Expert Report of John M. McGinty, Exhibit A to Motion to Strike Declaration of John M. McGinty, Docket Entry No. 42, p. 2.

because their expert does not express his views in language that easily conforms with familiar copyright legal rules. Moreover, as explained below, Danze & Davis is not harmed by McGinty's Declaration.

  2. <u>The Originality of Danze & Davis's Designs</u>

  While McGinty's opinions may cast doubt on the level of creativeness that can be attributed to the basic features making up Danze & Davis's designs, they fail to raise a fact issue as to whether the designs, viewed in their entirety, "possess some creative spark, no matter how crude, humble or obvious it might be." <u>Feist Publications</u>, 111 S. Ct. at 1287 (internal quotations omitted). McGinty does not state that Danze & Davis copied the designs from another source, and the Defendants present no such evidence. Cf. <u>Interplan Architects, Inc. v. C.L. Thomas, Inc.</u>, 2010 WL 4366990, at *33 (S.D. Tex. Oct. 27, 2010) (determining that a reasonable juror could decide that the plaintiff's architectural designs are unoriginal because of evidence showing that they may have been copied from the defendant's drawings); <u>Guillot-Vogt Associates, Inc. v. Holly & Smith</u>, 848 F. Supp. 682, 689 (E.D. La. 1994) (determining that there was a genuine issue of material fact as to whether the plaintiff's copyrighted drawings were based on earlier drawings provided to the plaintiff by the defendant). Instead, McGinty states that the designs are not sufficiently

creative because they employ "common conventions involving room sizes and relationships" and "are comprised of common and easily replicated standard and stereotypical elements."[20]

McGinty's Declaration, which largely expresses opinions as to whether the Defendants' designs are substantially similar to the designs at issue, provides proof itself of the countless decisions that a creator must make when arranging basic features of a home, even if the features themselves are unoriginal and unprotected by copyright. For example, McGinty notes the differences in the overall square footage of the designs, the dimensions of the rooms, the types of ceilings in the master bedrooms, the location of the fireplace, the placement of the air-conditioning unit, the number of lavatories in a bathroom, whether an island should be installed in the kitchen, whether the utility room should be upstairs or downstairs, whether the dining room should contain windows, whether the bedrooms should have walk-in or wall closets, and so on and so forth.[21] McGinty's observations demonstrate that an author has many opportunities to place his original imprint on even basic home-design features. McGinty's opinions do not constitute evidence that Danze & Davis's designs, <u>as a whole</u>, possess no creativity.

In further support of his opinion that Danze & Davis's designs are unoriginal, McGinty states that "[e]ach of the essential

---

[20]Declaration of John M. McGinty, Exhibit 1 to Defendants' Response, Docket Entry No. 37, ¶¶ 3, 18.

[21]Id. ¶¶ 5-7.

elements of each floor plan existed in the public domain prior to the respective dates of registration."[22] Even if this statement is true, taken alone it has no bearing on whether Danze & Davis's designs are original. Feist Publications, 111 S. Ct. at 1287 ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."); Berg v. Symons, 393 F. Supp. 2d 525, 541 (S.D. Tex. 2005) ("Using design features that previously appeared in other works does not negate the originality required for copyright protection of a work.").

Similarly, McGinty's opinions that the floor plans are unoriginal because they are comprised solely of common and easily replicated standard elements and because they contain features that are necessitated by industry standards or market demands also miss the mark with respect to the element of copyright validity. As long as the unoriginal elements or features are arranged in an original way, the copyright is valid. Interplan Architects, 2010 WL 4366990, at *33. The Defendants' arguments that Danze & Davis's designs are largely made up of standard features may very well bear on the second element of copyright infringement — whether the Defendants unlawfully copied the designs — but they do not raise a genuine issue of material fact as to whether the designs as a whole are original.

---

[22] Id. ¶ 17.

**C.   Conclusion**

The Defendants have not presented evidence that could persuade a reasonable juror that the presumption of copyright validity afforded to Danze & Davis has been rebutted.  The summary-judgment evidence demonstrates that although Danze & Davis's designs may be comprised of primarily standard and unoriginal features and elements, the designs as a whole contain the requisite degree of creativity to be considered original.  The court therefore concludes that Danze & Davis is entitled to summary judgment that it owns valid copyrights in the three architectural works at issue, and its motion for partial summary judgment will be granted.

### III.  Order

For the reasons explained above, Plaintiff's Motion for Partial Summary Judgment With Regard to Plaintiff's Ownership of Valid Copyrights (Docket Entry No. 35) is **GRANTED**, and Plaintiff's Motion to Strike Declaration of John M. McGinty (Docket Entry No. 42) is **DENIED**.

On August 10, 2011, at 2:00 p.m., in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, the court will conduct a hearing on plaintiff's Motion to Compel (Docket Entry No. 38) and Defendants' Opposed Motion to Consolidate (Docket Entry No. 50).  Defendants' Response to Plaintiff's Motion to Compel (Docket Entry No. 46) reflects that Defendants have supplemented many of their answers to plaintiff's

discovery requests.  Counsel for plaintiff and defendants are **ORDERED** to meet in person within the next ten business days to resolve any remaining disputes as to the adequacy of defendants' discovery responses.  Counsel will provide the court with a joint status report by August 8, 2011, describing all issues that are still in dispute and each party's position with respect to those issues.

Defendants' Motion for Continuance (Docket Entry No. 50) is **GRANTED**.  Paragraphs 10 and 11 of the Docket Control Order (Docket Entry No. 23) are **VACATED**.

**SIGNED** at Houston, Texas, on this the 19th day of July, 2011.

```
                    _____
                            SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```